**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| In re:<br>**CATHEDRAL HOTEL GROUP, LP**<br><br>Debtor | §<br>§<br>§<br>§<br>§<br>§ | Case No. 20-60788<br>(Chapter 11) |

## DEBTOR'S MOTION FOR USE OF CASH COLLATERAL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Cathedral Hotel Group, LP, Debtor herein, and files this Motion for Use of Cash Collateral, and in support thereof would show the following:

1. By this Motion, the Debtor seeks interim and final relief allowing it to use cash collateral in the continuing operation of its business.

### JURISDICTION AND PROCEDURAL BACKGROUND

2. On December 8, 2020 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Waco Division ("Court"), thereby commencing this chapter 11 case ("Case"). Debtor continues in possession of its property and it is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

3. No trustee or examiner has been appointed in the Debtor's Chapter 11 Case, nor has a creditors' committee or other official committee been appointed pursuant to 11 U.S.C. § 1102.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The basis for the relief herein is primarily grounded in 11 U.S.C. §363

**Overview**

6. Cathedral Hotel Group, LP owns and operates a Staybridge Suites Hotel in Cathedral City/Palm Springs, California. The hotel has 197 suites and was constructed in 2017.

7. Cathedral Hotel Group, LP constructed the hotel. The construction was funded in part with a loan from TH Commercial Investment Corp. in the amount of $19,750,000.00.

8. The original principal of the Debtor was Mohammed Nasr. Mr. Nasr incurred second and third lien financing from Rajesh, Ltd. and Total Financing, LLC in the amount of $1,000,000 and $1,200,000 respectively.

9. The first lien lender gave notice of default but did not foreclose on January 24, 2019.

10. At some time prior to July 21, 2020, the first lien debt was transferred to SSHCOF III-PDOF IR-A CC, LLC ("Lender").

11. On or about October 23, 2020 Rajesh, Ltd. and Total Financing, LLC assigned their debts to Kira Hospitality, LLC. Mohammed Nasr transferred his ownership interests in Cathedral Hotel Management Group, LLC, the general partner of the Debtor along with his limited partnership interest to Kira Hospitality, LLC.

12. On November 13, 2020, First American Title Insurance Company, the trustee under the Deed of Trust, posted the property for a foreclosure sale scheduled for December 9, 2020. Ironically, the foreclosure sale was to take place in Corona, California.

13. On December 4, 2020, California Gov. Gavin Newsom announced plans for a Regional Stay at Home Order that will apply if a California region had less than 15% hospital ICU availability. As of December 6, 2020, the Southern Region which includes Cathedral City had ICU availability of 10.3%. Under the new restrictions, hotels may provide accommodations for essential workers or provide housing solutions, including measures to protect homeless populations.

**Financial Information**

14. The hotel's EBITDA was $1.35 million in 2019 and projected EBITDA for 2020 is $1.11 million. Using a 10% capitalization rate, this indicates a value of between $11.1-$13.5 million. Management believes that heavy management fees are driving down EBITDA.

15. The Lender claims a debt in the amount of $23,178,133.33.

**Reasons for Filing Bankruptcy**

16. The immediate cause of the bankruptcy was the foreclosure posting. The hotel had struggled for some time before the junior lienholders stepped in to assert control. The Covid-19 pandemic added to the hotel's burdens.

**Going Forward**

17. The Debtor intends to reject the existing management contract and re-brand under a new "flag" which will reduce its operating expenses. Once the Debtor has stabilized operations, it intends to maintain the hotel's business operations until the Covid crisis is contained. Given that a vaccine should be available in early 2021, the Debtor is hopeful that it can resume normal operations during 2021.

**NECESSITY FOR REQUESTED RELIEF**

18. Debtor generates Cash Collateral from the operation of its business when it rents

rooms and performs related services. Until a plan of reorganization is confirmed in this case, Debtor must obtain approval for the use of the Cash Collateral. It is critical for Debtor to have access to its cash and other business property to continue to operate in the ordinary course of business and to pay normal operating expenses.

19. Debtor can meet its ongoing post-petition obligations only if it borrows funds post-petition or obtains authority for use of Cash Collateral. It believes the former will decrease the value of its business. Debtor believes the latter is preferable as it has generated multiple projections and believes it is able to cash flow post-petition if it has the funds available from or generated by its pre-petition cash collateral to pay its post-petition expenses. Thus, in order to continue operations as normal and to preserve the value of the estate pending confirmation of a plan of reorganization, Debtor needs immediate authority to use the Cash Collateral.

## ARGUMENTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR TEMPORARY AND FINAL USE OF CASH COLLATERAL

20. Debtor requires immediate authority from the Court to use the Cash Collateral in the ordinary course of its business and on an interim basis until there is a final hearing on this Motion.

21. Debtor requests the authority to use cash collateral to operate its business.

22. Under 11 U.S.C. §363(c)(2), the Debtor may not use, sell, or lease the Cash Collateral without the Court's authority or consent. Section 363(e) allows the Court to grant this authority upon the provision of adequate protection to the secured parties.

23. Debtor requires the continued authority to use Cash Collateral beyond the interim period in order to continue its business until a plan of reorganization can be confirmed. Debtor's need to use the Cash Collateral will continue during the pendency of this bankruptcy case.

24. Debtor also requests that this Court schedule a hearing for final approval on the use

of Cash Collateral, on notice to creditors and parties in interest, in the event an objection is filed to the terms of the interim order.

25. The immediate and temporary approval for the use of the Cash Collateral is consistent with (i) Bankruptcy Code requirements for maintaining the going concern of a debtor's business operations; (ii) the law under 11 U.S.C. §§ 363 and 361 as to the use of cash collateral and adequate protection; and (iii) facilitating a successful reorganization under chapter 11 of the Bankruptcy Code.

26. The failure to authorize the immediate use of Cash Collateral on which the secured parties hold liens will result in a swift and significant deterioration of Debtor's business. Failure to gain authority to use, sell, or lease such collateral will result in a cessation of Debtor's business activities, which would expose Debtor to additional liability and would leave unsecured creditors with little hope of distribution in this case.

27. The Bankruptcy Code contemplates a debtor's use of collateral during the reorganization of its business. Sections 102(1) and 363 of the Bankruptcy Code provide that collateral may be used upon notice and opportunity for a hearing appropriate in the particular circumstances. Relief may be authorized without an actual hearing if there is insufficient time available and adequate protection has been provided. 11 U.S.C. § 363(e). The combination of Debtor's emergency needs to satisfy pending obligations and current operating needs, together with the provision of adequate protection are sufficient to authorize the interim use of the collateral as set forth herein.

28. Section 361 of the Bankruptcy Code sets forth various types of adequate protection which Debtor may provide:

    a. making periodic cash payments to the extent that the creditor suffers a decrease

in the value of its interest in such property;

      b.      granting replacement liens in collateral to compensate the creditor for any decrease in the value of the creditor's interest in such property; or

      c.      granting other relief as will result in the realization of the indubitable equivalent of the creditor's interest in collateral.

Additionally, the presence of an equity cushion may be sufficient to provide adequate protection.

29.      Debtor proposes to provide adequate protection to the parties with an interest in cash collateral in the following manner

      a.      The Debtor shall provide all creditors with an interest in cash collateral with a replacement lien upon assets obtained post-petition to the same extent, priority and validity as their pre-petition liens.

      b.      At the final hearing, the Debtor will provide for adequate protection payments during the pendency of the case in an amount sufficient to protect all parties with an interest in cash collateral from diminishment in the value of their collateral.

30.      Debtor's cash flow budget is attached hereto. Debtor requests permission to use Cash Collateral to fund the expenditures described on the budget. On an interim basis, Debtor proposes to grant replacement liens to the secured creditor. Debtor will propose specific adequate protection payments at the final hearing.

WHEREFORE, Debtor requests that the Court authorize the use, sale, or lease of Cash Collateral on an interim basis and, upon setting and conducting a final hearing, issue a final order authorizing the use, sale, or lease of such cash collateral with the adequate protection to the secured parties as set forth herein; and grant any other and further relief to which Debtor is entitled.

Respectfully Submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. Mopac Expy, Suite 400
Austin, Texas 78731
(512) 649-3243
(512) 476-9253 Facsimile

/s/ Stephen Sather
Stephen Sather
State Bar No 17657520

**ATTORNEY FOR DEBTOR**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on December 8, 2020, a true and correct copy of the above and foregoing *Expedited Motion for Cash Collateral* was served upon the parties on the attached Matrix by United States Mail, first class, postage prepaid, or by electronic transmission through the Court's ECF noticing system to those parties-in-interest registered to receive such service.

                                                              /s/ Stephen Sather
                                                               Stephen Sather

```
Label Matrix for local noticing        Cathedral Hotel Group, LP              U.S. BANKRUPTCY COURT
0542-6                                 c/o Kira Hospitality, LLC              800 FRANKLIN AVE., SUITE 140
Case 20-60788-rbk                      415 S. 21st Street                     WACO, TX 76701-1934
Western District of Texas              Waco, TX 76706-2762
Waco
Tue Dec  8 15:10:42 CST 2020

BBG, Inc.                              Holiday Hospitality Franchising, Inc.  IHG Management (Maryland), LLC
8300 Douglass Avenue, Suite 600        c/o Corporate Law Department           8844 Columbia 100 Parkway
Dallas, TX 75225-5855                  Three Ravina Dr., Suite 100            Columbia, MD 21045-2135
                                       Atlanta, GA 30346-2121


SSHCOF III-PDOF IR-A CC, LLC           United States Trustee - WA12           Stephen W. Sather
c/o Lisa Wolgast                       United States Trustee                  Barron & Newburger, P.C.
Morris Manning Martin, LLP             903 San Jacinto Blvd, Suite 230        7320 N MoPac Expy
3343 Peachtree Rd. NE, Suite 1600      Austin, TX 78701-2450                  Suite 400
Atlanta, GA 30326-1044                                                        Austin, TX 78731


End of Label Matrix
Mailable recipients    8
Bypassed recipients    0
Total                  8
```

# CASH FLOW STATEMENT

**Location: 16890 SBS Cathedral City**

|  | 2020 Total | Budget 2021 01 |
|---|---:|---:|
| Occupancy % | 57.0% | 68.5% |
| Rooms Available | 72,102 | 6,107 |
| Rooms Sold Statistics | 41,106 | 4,184 |
| Average Rate | 112.75 | 128.54 |
| Room Revenue | 4,634,763 | 537,817 |
| Total Revenue | 4,714,299 | 543,961 |
| **Net Operating Profit** | **955,005** | **139,640** |
| Net Operating Profit % | 20.3% | 25.7% |
|  |  |  |
| ***Cash from Operations*** |  |  |
| Interest | 283 |  |
| Income Tax | - |  |
| Other | - |  |
| **Adjusted Net Profit** | **954,722** | **139,640** |
|  |  |  |
| ***Adjustments to Net Income*** |  |  |
| Depreciation | - |  |
|  |  |  |
| ***Changes in Working Capital*** |  |  |
| Notes Receivable | 108,999 |  |
| Net Notes Receivable | - |  |
| Inventory | - |  |
| Prepaid Insurance | 10,377 | 505 |
| Prepaid Premium-Workmen's Comp | 15,083 | 5,582 |
| Prepaid Sales Tax | - |  |
| Prepaid Other | (2,484) | (1,537) |
| **Prepaids & Other Current Asset** | **22,976** | **4,549** |
| Accounts Payable Trade | 4,167 |  |
| One Commercial Card Clearing | (1,784) |  |
| Accounts Payable-Accrual | - |  |
| Employee Reimbur Clearing Acct | 473 |  |
| Accounting Fees Payable | - |  |
| Account Payable Reimbursables | (84,531) |  |
| Accounts Payable Other | - |  |
| Incentive Mngt Fee Payable | 4,649 | 8,273 |
| Accounts Payable Billing | - |  |
| Management Fees Payable | 2,698 | 5,127 |
| Due To SCH | - |  |
| Franchise Fees | 5,143 |  |
| **Accounts Payable** | **(69,186)** | **13,400** |
| Sales Tax-Hotel | (80) |  |
| Sales Tax-Restaurant | - |  |
| Sales Tax-Other | - |  |
| Accrued Use Tax | - |  |
| Other Taxes Payable | (4,175) |  |
| State Occupancy Tax | - |  |
| County Occupancy Tax | (1,325) |  |
| City Occupancy Tax | (11,917) |  |
| Telecommunication Tax | - |  |

| | | |
|---|---:|---:|
| Sales / Other Taxes Payable | (17,466) | |
| Accrued Salaries And Wages | (1,638) | |
| Accrued Bonus | (67,467) | |
| **Accrued Payroll** | **(69,105)** | **-** |
| Employee Payroll Deductions | - | |
| State Tax-Settlements | - | |
| Unclaimed Checks | - | |
| Accrued Insurances | - | |
| Advance Guest/Franchisee Dep | (100,556) | |
| Accrued Vacation | - | |
| Porterage | - | |
| Refunds Due | - | |
| Advance Guest Deposits | - | |
| Accr Non-Traditional | - | 150 |
| Accrued Workmen's Comp | - | |
| Accrued Other | (7,876) | |
| **Other Accrued Expenses** | **(108,432)** | **150** |
| Total other accrued | - | - |
| IntraEntity BU System Balance | - | |
| IC-Due To/From CMH Amer Owned | - | |
| Due To/From IHG | - | - |
| | - | |
| ***Net Cash from Operations*** | - | |
| | 822,476 | 157,739 |
| | | |
| ***Cash from Investments*** | | |
| CIP-Additions during Yr | (25,708) | |
| Total Fixed Assets | (25,708) | |
| Deferred Chrgs & Other Assets | - | - |
| Other Reserves | - | - |
| Long Term Assets | - | - |
| | - | |
| ***Net Cash from Investments*** | | |
| | (25,708) | - |
| | | |
| ***Cash from Financing*** | | |
| Capital Replacement Reserve | 41,433 | 21,758 |
| Long Term Debt | 41,433 | 21,758 |
| Retained Earnings - Prior Year | 1,671,696 | |
| Retained Earnings-Current Year | (1,671,696) | |
| Retained Earnings | - | - |
| Deferred Credits & Other LT | - | |
| Capital Stock | - | |
| Advances | (619,439) | (58,399) |
| Advances - Others | - | |
| Capital Surplus | (619,439) | (58,399) |
| Goodwill | - | - |
| | - | |
| ***Net Cash from Financing*** | | |
| | (578,006) | (36,641) |
| | | |
| Increase\(Decrease) in Cash | 218,763 | 121,099 |
| House Fund | | - |

| | | |
|---|---:|---:|
| Legal Petty Cash 2 | | |
| Bank Account-Cash Pool | (24,982) | |
| Bank Account | - | |
| Credit Card Depository | | |
| Bank Account | | |
| Bank Account | | |
| Bank Account | | |
| Bank Account | 107,973 | |
| Capital Reserve | 246 | |
| | | |
| Beginning Cash | 180,576 | 399,340 |
| **Ending Cash** | **399,340** | **520,439** |
| | | |
| ***Restricted Cash*** | | |
| Less Capital Reserve Contributions | - | (21,758) |
| Less Restricted Capital Reserve | (36,636) | (36,636) |
| Less Required Minimum Balance | (147,750) | (147,750) |
| House Funds | (2,300) | (2,300) |
| Cash over/short accrued | - | |
| Other Restricted Cash -3 | - | |
| Waterfall Requirements | - | |
| | | |
| **Cash Available after Restrictions** | **212,654** | **311,994** |
| | | |
| ***IHG Commitments*** | | |
| Less Intercompany due IHG | (125,000) | (125,000) |
| Less Management Fees | (11,192) | (16,319) |
| Less Distribution Hold Back | | |
| Less Accounting Fees | (2,955) | (2,955) |
| Less Incentive Mgmt Fees due IHG | (15,107) | (8,273) |
| Advance Wires | | |
| **Total Available Cash** | **58,399** | **159,447** |